**SO ORDERED.**

**SIGNED this 15 day of December, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| THERESA C. SANCES, | 09-01138-8-JRL |
| DEBTOR. | |

## ORDER DISMISSING CASE

The matter before the court is the bankruptcy administrator's motion to dismiss. After a hearing on August 4, 2009, Judge A. Thomas Small, now retired, directed the debtor to amend her schedules and Form B22A, and continued the hearing before the undersigned. The continued hearing was conducted in Raleigh, North Carolina on December 9, 2009.

Theresa C. Sances filed a petition for relief under chapter 7 of the Bankruptcy Code on February 13, 2009. On March 26, 2009, the bankruptcy administrator filed a motion to dismiss for cause pursuant to 11 U.S.C. § 707(a) and, in the alternative, for abuse pursuant to § 707(b). After a hearing on August 4, 2009, Judge Small found that Mrs. Sances had not properly completed her Schedule I because she did not include her dependents' and her spouse's information, and that she did not comply with the instructions for calculating current monthly income on her Amended Means Test. Specifically, Mrs. Sances did not include $1,600 paid from the debtor's non-filing spouse to Mrs. Sances for household expenses as income, and it was "plainly visible comparing the relative

salaries of Mr. and Mrs. Sances and in looking at the expenses listed on Schedule J that the non-filing spouse regularly pays a majority of the bills such as the mortgage, household expenses, utilities, food, transportation, and health care for the debtor," while none of those contributions was reflected on her means test. Similarly, the marital deduction was improperly calculated. Because the omissions prevented the bankruptcy administrator and the court from determining whether the chapter 7 filing constituted an abuse, Judge Small gave the debtor 15 days to amend her schedules and Form B22A.

Amended schedules and an amended Form B22A were filed on August 17, 2009. The amended Schedule I listed $1,600 as a "contribution from husband to debtor's household expenses," and deducted the same amount from the spouse's income. Amended Schedule I also listed Mr. Sances' monthly income of $14,292.50 and the deductions taken from his paycheck totaling $4,959.18, leaving him with a net monthly take home income of $9,434.32. After deducting the $1,600 paid to Mrs. Sances, Mr. Sances' average monthly income is listed as $7,834.32. Mrs. Sances' total average monthly income is listed as $2,181.84, consisting of her $711 in wages, minus $129.16 in payroll deductions, plus the $1,600 from Mr. Sances.

Mrs. Sances' Schedule J lists no rent or mortgage payment, no payments for water and sewer, telephone, home maintenance, health insurance, or car insurance. It lists $60 for electricity, $1,000 for food, $300 for clothing, $100 for laundry and dry cleaning, $35 for medical expenses, $400 for transportation and $200 for recreation, for total expenses of $2,095. At the hearing, Mrs. Sances testified that her husband pays the mortgage and the property taxes. He owns the vehicle she drives, and he pays for the gasoline. Mr. Sances also pays the electric bill, telephone bill, garbage and water bills, and for their children's cell phones, the family groceries, and a family health insurance policy.

Mrs. Sances also testified that because money is tight, Mr. Sances does not use his income to pay for anything other than the household expenses and his own credit card. He no longer gives Mrs. Sances $1,600 per month, but he does pay the expenses directly that the $1,600 used to cover.

Section 101(10A) defines "current monthly income" for purposes of the means test, and the definition is restated in the instructions for Form B22A. Specifically, debtors must list the average monthly income from all sources the debtor receives, 11 U.S.C. § 101(10A)(A), and "any amount paid by any entity other than the debtor . . . on a regular basis for the household expenses of the debtor or the debtor's dependents[.]" 11 U.S.C. § 101(A)(B). In her Amended Form B22A, line 8, Mrs. Sances listed only the $1,600 Mr. Sances paid to her for household use, but nowhere does she list all of the sums paid directly by Mr. Sances for the household expenses of Mrs. Sances and their children. In line 17, she indicates that Mr. Sances retains $7,834.32 from his paycheck that is "NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents." However, her testimony was clear that this amount is used entirely for household expenses including the mortgage and family bills.

It is clear that the amendments to Schedules I and J and Form B22A made after Judge Small's order still do not accurately reflect Mr. Sances' contributions to the household expenses as required by the Bankruptcy Code. Mrs. Sances' counsel argued that Mr. Sances' expenses would have been the same whether or not Mrs. Sances lived in the residence. The question is not whether Mr. Sances' expenses would change, however, but whether Mrs. Sances received a benefit. If she did not live in the residence, she would have to incur expenses to reside elsewhere. Similarly, if Mrs. Sances did not drive a vehicle owned by Mr. Sances, and for which he paid for the fuel, she would have to pay for her own transportation. These are the debtor's expenses that are paid by her spouse.

Accordingly, Mr. Sances makes regular payments for the household expenses of the debtor that must be included in Mrs. Sances' current monthly income. The failure to account for these expenses also artificially inflates the marital deduction on line 17.

Section 707(b) provides that the court may dismiss a case if granting relief would be an abuse of the provisions of chapter 7. The court must presume a case is abusive if a debtor's means test as calculated on Form B22A reflects that the debtor could repay a certain amount of unsecured debt in a chapter 13 case. In this case, the debtor's B22A is so inaccurate, the court cannot determine whether the presumption of abuse arises.

Section 707(a) provides that the court may dismiss a case under chapter 7 for cause, including unreasonable delay by the debtor that is prejudicial to creditors and failure to file the information required by § 521(a)(1). Mrs. Sances filed her schedules on time, and she was completely candid in her testimony at the hearing and does not appear to be trying to hide information. But, even after amending the schedules and means test with instructions from the court, the information is so erroneous that the court cannot get a true picture of the debtor's financial situation. Accordingly, the court finds it appropriate to dismiss the case for cause pursuant to § 707(a).

Based on the foregoing, the bankruptcy administrator's motion to dismiss is **ALLOWED**.

**END OF DOCUMENT**